UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTI HAWK,

                                  Plaintiff,                              18-CV-754Sr

v.

COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.

---

## DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #15.

## BACKGROUND

Plaintiff applied for supplemental security income ("SSI"), benefits with the Social Security Administration ("SSA"), on March 7, 2014, at the age of 38, alleging disability beginning October 1, 2000 due to chronic back pain. Dkt. #7, p.79.

On August 15, 2016, plaintiff appeared with counsel and testified, along with an impartial vocational expert ("VE"), Michele Erbacher, at an administrative hearing before Administrative Law Judge ("ALJ"), Lynette Gohr. Dkt. #7, pp.48-78.

Plaintiff testified that she has a General Education Diploma ("GED"). Dkt. #7, p.53. She has been unable to work because of constant back pain, explaining that she needs to rest after standing for more than an hour or two. Dkt. #7, pp.56-57. She can sit for approximately 20 minutes at a time and walk half a block. Dkt. #7, pp.63 & 71. Plaintiff described the pain as burning nerve pain shooting down her right leg. Dkt. #7, p.61. She can lift or carry approximately ten pounds, but cannot kneel or bend at the waist to pick things up from the floor. Dkt. #7, p. 65. She also experiences difficulty holding and grasping things because of numbness and burning in her hands. Dkt. #7, pp.65-66.

Plaintiff lives with her husband and three year-old son. Dkt. #7, p.57. Her husband was home for much of her son's first two years of life and continues to be responsible for getting him in and out of the bath tub. Dkt. #7, p.68. She is able to help her son get dressed and tend to her own personal care. Dkt. #7, p.68-69. Her husband does much of the cooking and all of the laundry, because it is in the basement. Dkt. #7, p.62. She does not vaccuum or mop. Dkt. #7, p.69. She uses a scooter when she goes to the grocery store with her husband. Dkt. #7, p.62. Plaintiff does not drive. Dkt. #7, pp.57-58.

When asked to assume an individual with plaintiff's age and education who was capable of light work[1] with the additional limitations of no more than

---

[1] Light work involves lifting no more than 20 pounds at a time and occasionally lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it

occasional climbing of ladders, ropes and scaffolds or stooping, kneeling, crouching and crawling and no more than frequent fine and gross manipulation with the bilateral upper extremities, the VE testified that such an individual would be capable of working as a cleaner (housekeeping), cashier, and storage facility rental clerk, each of which were light, unskilled positions. Dkt. #7, pp.72-73. If limited to no more than 30 minutes of constant walking followed by at least five minutes of sitting, the VE testified that plaintiff would still be able to work as a storage facility rental clerk and would also be able to work as a parking lot cashier because a change of position would be permitted in this job, and would also be able to work as a photocopying machine operator, which is also a light, unskilled position. Dkt. #7, p.74.

The ALJ rendered a decision that plaintiff was not disabled on November 2, 2016. Dkt. #7, pp.27-42. The Appeals Council denied review on May 14, 2018. Dkt. #7, p.5. Plaintiff commenced this action seeking review of the Commissioner's final decision on July 9 2018. Dkt. #1.

**DISCUSSION AND ANALYSIS**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in

---

requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of dexterity or inability to sit for long periods of time.
20 C.F.R. § 404.1567(b).

the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a). The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a). At step one, the claimant must demonstrate that he is not engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). At step two, the claimant must demonstrate that he has a severe impairment or combination of impairments that limits the claimant's ability to perform physical or mental work-related activities. 20 C.F.R. § 404.1520(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to

disability benefits. 20 C.F.R. § 404.1520(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient RFC for the claimant to return to past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that the claimant could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education and work experience. 20 C.F.R. § 404.1520(g).

In the instant case, the ALJ made the following findings with regard to the five-step sequential evaluation: (1) plaintiff had not engaged in substantial gainful activity since she filed her application for benefits on March 7, 2014; (2) plaintiff's bilateral carpal tunnel syndrome, degenerative disc disease of the lumbar spine and obesity were severe imparments; (3) plaintiff's impairments did not meet or equal any listed impairment; (4) plaintiff retained the residual functional capacity to perform light work with the following limitations: no ladders, ropes or scaffolds, occasional climbing of ramps and stairs, occasional stooping, kneeling, crouching and crawling and frequent, but not constant, fine and gross manipulation with bilateral upper extremities; and (5) plaintiff was capable of working as a cleaner (housekeeping), cashier, and storage facility rental clerk, each of which are unskilled, light work. Dkt. #7, pp.32-41.

Plaintiff argues that the ALJ ignored Dr. Ilozue's opinion that plaintiff was very limited in standing and carrying, despite affording Dr. Ilozue's March, 2015 opinion partial weight. Dkt. #9-1, pp.14-16. Plaintiff argues that Dr. Ilozue's opinions were entitled to controlling weight. Dkt. #9-1, pp.18-22.

The Commissioner responds that the ALJ explicitly noted Dr. Ilozue's opinion that the plaintiff was very limited with respect to, *inter alia*, standing and lifting but was not required to refute every aspect of Dr. Ilozue's opinion when assessing the weight to be afforded such opinion. Dkt. #13-1, p.13. The Commissioner argues that the ALJ appropriately evaluated multiple sources of opinion evidence, acknowledging Dr. Ilozue's treatment of plaintiff, and assigned greater weight to those opinions most closely supported by the medical record, and formulated an RFC based upon all of the evidence before her. Dkt. #13-1, pp.14-18.

On November 1, 2013, plaintiff underwent a consultative medical examination by Abbar Siddiqui, M.D. Dkt. #7, p.320. Dr. Siddiqui noted plaintiff's activities of daily living as follows:

> She is capable of cooking four times a week, cleaning once a week, laundry once a month, shopping once a month, and childcare every day. She showers four times a week. She dresses herself daily. She enjoys watching TV, listening to the radio, reading, going out to socialize with friends.

Dkt. #7, p.320. Dr. Siddiqui's musculoskeletal examination revealed as follows:

> Cervical spine shows full flexion, extension, lateral flexion bilaterally, and full rotary movement bilaterally. No scoliosis, kyphosis, or abnormality in thoracic spine. Lumbar spine flexion/extension was restricted to 60 degrees. Lateral flexion was restricted to 20 degrees, both right and left. SLR negative bilaterally. Full ROM of shoulders, elbows, forearms, and wrists bilaterally. Full ROM of hips, knees, and ankles bilaterally.

Dkt. #7, p.322. A lumbrosacral xray of plaintiff's spine revealed degenerative spondlyosis at L1-L2 through L3-L4. Dkt. #7, p.324. Dr. Siddiqui diagnosed plaintiff with back pain and bilateral carpal tunnel syndrome and opined that plaintiff's physical

examination revealed limitations in plaintiff's ability to lift, push, pull, or carry heavy objects. Dkt. #7, p.323. The ALJ afforded this opinion significant weight, noting that Dr. Siddiqui was knowledgeable about SSI standards and that his opinion was consistent with the substantial evidence of record, which revealed some findings on diagnostic studies and few positive findings on examinations. Dkt. #7, p.40.

Frances Ilozue, M.D., completed a Medical Report for Determination of Disability on April 11, 2014. Dr. Ilozue indicated that plaintiff was being treated for chronic low back pain with medications and physical therapy and that she experienced increased back pain upon bending, lifting heavy objects and stand/walking for extended periods. Dkt. #7, p.345. Dr. Ilozue did not mark a box indicating whether plaintiff was capable of performing heavy, medium, light or sedentary work, but did check a box indicating that plaintiff had a marked restriction of daily activities. Dkt. #7, pp. 345-346. The ALJ afforded this opinion little weight because it was not supported by significant findings on examination or diagnostic studies and there was no function by function analysis. Dkt. #7, p.40.

On June 19, 2014, plaintiff underwent a consultative examination by Hongbiao Liu, M.D. Dkt. #7,p-.342. Dr. Liu noted plaintiff's activities of daily living as follows:

> she can do cooking three times a week. Shopping twice a week. Childcare every day. She takes a shower five times a week. She dresses every day. The [plaintiff] likes to watch TV, listen to the radio, and read books.

Dkt. #7, p.342. Dr. Liu's musculoskeletal examination revealed as follows:

> Cervical spine shows full flexion, extension, lateral flexion bilaterally, and full rotary movement bilaterally. No scoliosis, kyphosis, or abnormality in thoracic spine. Lumbar spine shows flexion and extension to 75 degrees, lateral flexion to 20 degrees bilaterally, and rotation to 20 degrees bilaterally. SLR negative bilateral. Full ROM of shoulders, elbows, forearms, and wrists bilaterally. Full ROM of hips, knees, and ankles bilaterally.

Dkt. #7, p.344. Dr. Liu diagnosed plaintiff with chronic low back pain and opined that plaintiff had mild limitation for prolonged walking and bending. Dkt. #7, p.344. The ALJ afforded Dr. Liu's opinion significant weight, noting that Dr. Liu was knowledgeable about SSI standards and that his opinion was consistent with the substantial evidence of record, which revealed few positive findings on examinations. Dkt. #7, p.40.

A Medical Examination for Employability Assessment, Disability Screening and Alcoholism/Drug Addiction Determination was completed by Dr. Ilozue on March 10, 2015. Dkr. #7, p.397. Dr. Ilozue opined that plaintiff would be very limited in her ability to stand, lift, carry, push, pull and bend and moderately limited in her ability to walk, sit, climb stairs or function in a work setting at a consistent pace. Dkt. #7, p.397. Dr. Ilozue opined that plaintiff was unable to work due to chronic back pain. Dkt. #7, p.397. The ALJ afforded this opinion by Dr. Ilozue partial weight to the extent that she noted plaintiff's limitations with stairs, climbing, lifting, pushing, pulling and bending. Dkt. #7, p.40. The ALJ opined that the record as a whole indicated that such limitations may be less severe than indicated by Dr. Ilozue and noted that they had been accounted for in plaintiff's RFC. Dkt. #7, p.40. The ALJ gave little weight to Dr. Ilozue's opinion as to

plaintiff's limitations for walking, sitting and the ability to function at a consistent pace, determining that Dr. Ilozue's opinion with respect to such limitations are inconsistent with the record and the opinion of Dr. Liu. Dkt. #7, p.40.

An ALJ is not required to adopt wholesale the opinion any one medical source, but is entitled to weigh all of the evidence available to make an RFC finding that is consistent with the record as a whole. *Matta v. Astrue*, 508 Fed. App'x 53, 56 (2d Cir. 2013). Even where the ALJ's determination does not perfectly correspond with any of the opinions of medical sources cited in his decision, the ALJ is entitled to weigh all of the evidence available to make a residual functional capacity finding that is consistent with the record as a whole. *Trepanier v. Comm'r of Soc. Sec.*, 752 Fed. App'x 75, 79 (2d Cir. 2018). Where the opinion of a treating physician is not consistent with other substantial evidence in the record, such as the opinions of other medical experts, it need not be given controlling weight. *Halloran v. Branhart*, 362 F.3d 28, 32 (2d Cir. 2004). Moreover, where the opinion of a treating physician contains internal inconsistencies or contradicts the treating physician's treatment notes, the opinion of the treating physician is not entitled to controlling weight. *Monroe v. Cimm'r of Soc. Sec.*, 676 Fed. App'x 5, 7 (2d Cir. 2017). Genuine conflicts in the medical evidence are for the ALJ to resolve. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). However, an ALJ may not substitute his own lay opinion for those of medical experts. *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998). Moreover, a plaintiff is entitled to understand why the ALJ chose to disregard portions of medical opinions that were beneficial to her application for benefits. *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp.2d 288, 297

(W.D.N.Y. 2006). While the ALJ is not obligated to explicitly reconcile every conflicting shred of medical evidence, the ALJ cannot selectively choose evidence in the record to support his conclusions. *Gecevic v. Sec. of Health & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y. 1995).

The ALJ's determination that plaintiff was capable of a good deal of walking or standing as encompassed within the definition of light work is supported by the absence of any limitation upon plaintiff's capacity to walk or stand by consultative examiner, Dr. Siddiqui, and the mild limitation for walking imposed by consultative examiner, Dr. Liu. As the ALJ noted, although Dr. Ilozue was plaintiff's primary care physician for more than three years, his progress notes consistently reveal nothing more specific than "tenderness and increased muscle tension upon palpitation of back muscles." Dkt. #7, pp.347, 349, 351, 353, 355, 367, 369, 408, 411, 412, 413, 414, 415. Moreover, although diagnostic tests revealed multilevel degenerative disc disease and disc herniations of plaintiff's lumbar, thoracic and cervical spine (Dkt. #7, pp.380, 382 & 394), examinations by neurosurgeons, Dr. Grand and Dr. Gibbons, revealed full mobility, independent ambulation, ability to go from seated to standing without difficulty, normal stance, normal gait, normal balance, and an ability to stand and ambulate on heels and toes. Dkt. #7, pp.328, 383, 391 & 400. Similarly, the ALJ's determination that plaintiff was capable of occasionally carrying objects weighing up to 10 pounds as encompassed within the definition of light work is supported by Dr. Siddiqui's limitation in plaintiff's ability to carry heavy objects and plaintiff's testimony at her hearing that she can lift or carry approximately ten pounds. Dkt. #7, pp.65 & 323. Accordingly, the ALJ

provided a sufficient explanation for her assessment of plaintiff's RFC, which is supported by substantial evidence.

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Dkt. #9), is denied and the Commissioner's motion for judgment on the pleadings (Dkt. #13), is granted.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**March 19, 2020**

     *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**